LAW OFFICES OF RACHEL S. BLUMENFELD PLLC
Attorney for the Debtor
26 Court Street, Suite 2220
Brooklyn, New York 11242
Telephone: (718) 858-9600
RACHEL BLUMENFELD

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:

Forest Leaf, LLC                                         Chapter 11
                                                         Case No:
                        Debtor.
_____X

## AFFIDAVIT PURSUANT TO LOCAL RULE 1007-4

STATE OF NEW YORK       )
                        ) ss:
COUNTY OF KINGS         )

Shahram Lavian declares and states as follows:

1. I am the managing member of Forest Leaf, LLC, (the "Debtor"), and am fully familiar with the facts set forth herein.

2. I submit this affidavit pursuant to Rule 1007-4 of the Local Bankruptcy Rules for the Eastern District of New York.

## BACKGROUND

3. On November 8, 2020, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007-4

**Local Rule 1007-4(a)(i)**

4. Debtor is a small business debtor and debtor is not a single asset real estate case. Debtor's filing of its Chapter 11 was precipitated by a pending foreclosure sale on this property.

**Local Rule 1007-4(a)(ii)**

5. Debtor is a Corporation that owns the real property known as and located at 922 Unit B Greanleaf Avenue, Charlotte, North Carolina 28202. The property was purchased for investment purposes.

**Local Rule 1007-4(a)(iii)**

6. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

**Local Rule 1007-4(a)(iv)**

7. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-4(a)(v)**

8. A list of the names and addresses of the Debtors' respective 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed hereto as **Schedule "A"**.

**Local Rule 1007-4(a)(vi)**

9. The debt owed to Farhad Hakakka was secured, until a Judge adjudicated the lien should not be secured against the property. That matter is currently being litigated and the

Debtor is unsure if it currently secured or not. The debt owed to Greenleaf Condominium was not a judgment, however Greenleaf got a default judgment against the Debtor without giving notice of any court hearing. That matter is on appeal.

**Local Rule 1007-4(a)(vii)**

10. A summary of Debtor's assets and liabilities is annexed hereto as **Schedule B.**

**Local Rule 1007-4(a)(viii)**

11. There are no publicly held securities of the Debtor.

**Local Rule 1007-4(a)(ix)**

12. None of the Debtors' property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-4(a)(x)**

13. The Property is located at 922 Unit B Greanleaf Avenue, Charlotte, North Carolina 28202.

**Local Rule 1007-4(a)(xi)**

14. The Debtor's assets are located at 922 Unit B Greanleaf Avenue, Charlotte, North Carolina 28202 and the bank account was opened at a Brooklyn, New York branch.

**Local Rule 1007-4(a)(xii)**

15. The following actions are pending against the Debtor:

<u>Greenleaf Condominium Homeowners Association Inv. v. Forest Leaf LLC; Shaharam Lavian, a/k/a David Lavian Zohar Investment Group & Farhad Hakakka</u> Index No. 18-CVS-20330 claim for lien for damages to Debtor's property State of North Carolina County of Mecklenburg

**Local Rule 1007-4(a)(xiii)**

16. The Debtor's management consists solely of Shahram Lavian.

**Local Rule 1007-4(a)(xiv)**

17. The estimated payroll to employees (exclusive of officers and directors) for the thirty (30) day period following the filing of the chapter 11 petition, is approximately $0 a month.

**Local Rule 1007-4(a)(xv)**

18. The estimated amount to be paid for services to its officers and directors as a management fee for the thirty (30) day period following the filing of the Chapter 11 petition is $0.

**Local Rule 1007-4(a)(xvi)**

19. The Debtor does not expect to have cash receipts or disbursements for the thirty (30) day period following the filing of the Chapter 11 petition.

### **CONCLUSION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Brooklyn, New York
November 8, 2020

_____
Forest Leaf LLC
by: Shahram Lavian - Managing Member

Sworn to before me this
8th day of November 2020

_____
NOTARY PUBLIC